IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY WADE JACKSON**                                                    **PLAINTIFF**
**ADC #078665**

V.                      NO. 4:23-cv-01110-BRW-ERE

**KATHY L. SMITH,** *et al.*                                           **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**     **Overview:**

On November 20, 2023, *pro se* plaintiff Timothy Wade Jackson, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Jackson is currently proceeding in forma pauperis. *Doc. 8*.

Mr. Jackson's complaint alleges that, as a Level III sexual offender, he is not eligible to be transferred to a halfway house, nor is he eligible for work release. He claims that, because other inmates "with bad charges" are eligible to be transferred to these transitional housing programs, ADC officials have violated his equal protection rights. *Doc. 2 at 4*. He sues Arkansas Sex Offender Registry Supervisor Kathy L. Smith, ADC Director Dexter Payne, and Sex Offender Assessment Officer Doe in their official capacity only requesting that the Court restore his "time in [p]rison because A.D.C. is discriminat[]ing against me." *Id. at 5*.

## III.   Discussion:

### A.   Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Jackson states a plausible claim for relief, the Court must determine whether the allegations in the complaint, which are presumed true,

"raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.    Equal Protection Claim

Mr. Jackson's allegations do not involve the violation of a fundamental right or membership in a protected class. As a result, to state an equal protection claim, he must allege facts which, accepted as true, support a reasonable inference that "similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (stating that absent assertion of membership in a protected class or violation of a fundamental right, an inmate must show that similarly situated inmates received different treatment and that the difference in treatment had no rational relation to any legitimate penal interest). Mr. Jackson's complaint fails to include any facts suggesting that Defendants treated him differently than any other similarly situated inmate. His speculative, conclusory, and unsubstantiated allegations against

Defendants are insufficient to state a plausible equal protection claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Jackson's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 19 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE